UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Hotel, Restaurant and Bar Employees Health and Welfare Fund and Hotel, Restaurant and Bar Employees Pension Fund,

Plaintiffs,

vs.

ORDER
and
FINDINGS AND RECOMMENDATION

Wizner Company, d/b/a Norman's Bar,

Defendant.

Civ. No. 00-2545 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 17th day of May, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiffs' Motion for the Entry of a Default Judgment.[1]

A Hearing on the Motion was conducted on May 17, 2001, at which time the Plaintiffs appeared by Aaron R. Bransky, Esq., and no appearance was made by, or on behalf of, the Defendant.

---

[1]Although entitled as "Application for the Entry of Default Judgment," we treat the Plaintiffs' request as a Motion for the Entry of a Default Judgment, as that is the relief they request.

FILED MAY 17 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

For reasons which follow, we recommend that a Judgment of Default be entered against the Defendant, and we order the Defendant to produce the requisite financial information, so as to allow the Plaintiffs to prove the Defendant's deficiencies, and we order the Defendant to show cause why the District Court should not enter an injunction so as to assure timely payments to the Fund in the future.

## II. Findings of Fact

1. This is an action to enforce an employer's obligation to make contributions to a multi-employer benefit plan under the terms of a Collective Bargaining Agreement, and for potential liquidated damages, together with injunctive relief, and an award of interest, reasonable attorneys' fees, and the costs of this action.

2. The Court has jurisdiction over this action pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), Title 29 U.S.C. §§1132 and 1145, under Section 301 of the Labor Management Relations Act, Title 29 U.S.C. §185(a), and under Title 28 U.S.C. §1331. As provided in Title 29 U.S.C. §1132 (e)(2), venue is proper within this District.

3. The Plaintiffs are fiduciaries of multi-employer Benefit Plans (the "Plans") as defined by Title 29 U.S.C. §1002 (37).

4. At all relevant times, the Defendant has been a party to a Collective Bargaining Agreement, which sets the terms and condi-

tions of employment, including an obligation to make monetary contributions to the Plaintiffs, for the benefit of its employees, who are covered by the Plans.

5. Pursuant to the provisions of the Collective Bargaining Agreement, the Defendant submits to the Plaintiffs monthly benefit calculation forms, and corresponding benefit contribution payments.

6. By the provisions of the Collective Bargaining Agreement, the Defendant agreed to be bound by, and to make contributions on behalf of the covered employees, in conformity with the Agreement.

7. The Plaintiffs have complied with all conditions precedent, which would entitle them to the Defendant's performance under the Collective Bargaining Agreement.

8. In accordance with the provisions of the Collective Bargaining Agreement, the Plaintiffs are entitled to demand the production of all of the Defendant's payroll records, in order that any delinquent contributions to the Fund, that may be due and owing by the Defendant, can be determined by the Plaintiffs.

9. The Defendant has failed to submit to the Plaintiffs all of the pertinent benefit contribution forms, and the total benefit contribution payments, which are due and owing.

10. By the evidence adduced at the Hearing in this matter, the Court is currently unable to determine the full extent to which the Defendant is delinquent in its contributions to the Funds.

11. Following the filing of this action, a Summons and Complaint were duly served upon the Defendant on November 22, 2000. Since that date, the Defendant has not answered or otherwise responded to the Complaint, nor has the Defendant made any appearance in this action.

12. A copy of the Plaintiffs' Notice of Motion and Motion -- and necessary amendments to the same -- its Memorandum of Law in support of the Motion for a Default Judgment, its Proposed Order, and an accompanying Affidavit, were duly served upon the Defendant on February 12, 2001, and on subsequent dates to conform with the amended Notices. The Defendant has not responded to the Motion and, as noted, the Defendant made no appearance at the time of the Hearing on the Motion.

13. The Defendant is in default, and it has made no showing that a Default Judgment should not be entered as prayed for by the Plaintiffs. The Defendant is not an infant, an incompetent person, nor is the Defendant presently in the military service. See, Rule 55(b)(2), Federal Rules of Civil Procedure.

## III. Conclusions of Law

1. The Court has jurisdiction over this action under Sections 502 and 515 of ERISA, Title 29 U.S.C. §§1132 and 1145, under Section 301 of the Labor Management Relations Act, Title 29 U.S.C. §185(a), and under Title 28 U.S.C. §1331.

2. The Court has personal jurisdiction over all of the parties to this action, and venue within this Division of the District of Minnesota is proper. Title 29 U.S.C. §1132(e)(2); Title 28 U.S.C. §103(5).

3. The Defendant has failed to plead, or to otherwise defend, and that fact has been substantiated by competent evidence, including affidavits, and sworn testimony, as adduced at the time of the Hearing in this matter. As a result, the Plaintiffs are entitled to the entry of a Default Judgment against the Defendant.

4. The Plaintiffs have filed an Application for Entry of Default and, accordingly, the Court directs the Clerk of Court to enter default against the Defendant pursuant to Rule 55(a), Federal Rules of Civil Procedure. Henry v. Tri-Services, Inc., 33 F.3d 931, 932 (8th Cir. 1994)(acknowledging that District Court may direct the Clerk of Court to enter default).

5. The Plaintiffs have not provided evidence of the total extent of their entitlement to compensatory damages, to liquidated damages, or to additional contributions from the Defendant, either by way of an Affidavit or Declaration, an Accounting, the testimony of an informed witness, or the deposition of an authorized representative of the Defendant. The Plaintiffs are unable to proffer such evidence owing to the Defendant's default. Nevertheless, in

the absence of such an evidentiary showing, we are unable to enter a Final Judgment in this matter.

6. Under Rule 55(b)(2), the Court is authorized to "conduct such hearings or order such references as it deems necessary and proper" in determining the amount of damages to be awarded to the party which seeks a Default Judgment, or to otherwise investigate the propriety of remedial relief. Pursuant to this authority, the Court directs the Defendant to submit to the Plaintiffs, **by no later than 2:30 o'clock p.m., on May 25, 2001,** those employment and payroll records necessary to permit the Plaintiffs to complete an audit disclosing the amount, if any, of unpaid benefit contribution payments that may be owing to the Plaintiffs under the terms of the Collective Bargaining Agreement.

7. The Court hereby schedules the date of the Evidentiary Hearing, during which the Court will consider the amount of any money Judgment to be entered against the Defendant, and the parties should be prepared to submit such competent evidence in support of their respective positions on **June 7, 2001, at 3:30 o'clock p.m., in Courtroom No. 3, in the United States Courthouse in the City of Duluth.**

8. In addition, the Plaintiffs request equitable relief which will require the Defendant to promptly make its contributions to the Fund without recourse to the Court. On two prior occasions,

we have denied that request as not be supported by a showing of irreparable harm. See, Hotel, Restaurant and Bar Employees Health and Welfare Fund, et al. v. Wizner Company, et al., Civ. No. 98-519 (JRT/RLE); Hotel, Restaurant and Bar Employees Health and Welfare Fund, et al. v. Wizner Company, et al., Civ. No. 99-445 (JRT/RLE). This case now presents the third occasion, in as many years, when the Defendant's refusal to comply with its obligations, under ERISA, has drawn this Court into the fray.

9. Notwithstanding our denial of the prior requests for equitable relief, we recognized that, under certain circumstances, an employee benefit plan would be entitled to an injunction against an employer, "which has demonstrated a propensity to be delinquent in its contributions to the plan," Zorn v. K.C. Comm. Constr. Co., 812 F. Supp. 948, 952 (W.D. Mo. 1992), but we were unable to conclude, on the Record then presented, that the Defendant's delinquency was anything other than an isolated event. Under such circumstances, equitable relief would not, ordinarily, be warranted. In Central States, Etc. v. Admiral Merchants, etc., 511 F. Supp. 38, 43 (D. Minn. 1980), aff'd, 642 F.2d 1122 (8th Cir. 1981), upon which the Plaintiffs then relied, and upon which they currently rely, a Court in this District found that the plaintiff employee benefit plan had met the "irreparable injury" precondition to a grant of injunctive relief, by submitting evidence that the

defendant employers were "in precarious financial condition," and thus, it was "possible that defendants would be unable to satisfy any judgment ultimately rendered by the court." Id. at 43.

10. Here, the Plaintiffs make no showing that the Defendant is in jeopardy of financial ruin, but they do forcefully urge, based upon the testimony of Shirley Hansen, who serves as the Administrative Manager of the Plaintiffs, that the Funds are sustaining irreparable harm, and that the employees of the Defendant, who are beneficiaries of the Funds, are also being denied benefits, owing to the Defendant's delinquencies, which are not monetarily compensable. Given the Record now before us, the Plaintiffs have made a sufficient, preliminary showing of the need for injunctive relief, as to warrant the conduct of an Evidentiary Hearing, in order to determine whether, under the circumstances here present, an appropriately crafted injunction should issue.

11. Given the Defendant's recurrent refusal to comply with its obligations, under ERISA, until a Judgment is enforced against its finances, we no longer may regard its pattern of conduct to be either inadvertent, or isolated. We make no projection as to the need for injunctive relief, or the nature of the relief that would be appropriate, if the equities so require, but the beneficial purposes and intent of ERISA could well commend the issuance of an injunction which would condition the Defendant's commercial opera-

tions, within this District, upon timely compliance with the requisites of ERISA, inclusive of timely payments to the Plaintiffs. Given the gravity of the equitable relief which could be awarded, the Defendant should be afforded one last chance to inform the Court as to any factors, and evidence, that the Defendant wishes the Court to consider in framing the Plaintiffs' remedy.

NOW, THEREFORE, It is --

ORDERED:

1. That the Clerk of Court shall enter Default against the Defendant in accordance with Rule 55(a) of the Federal Rules of Civil Procedure.

2. That pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Defendant shall submit to the Plaintiffs, **by no later than 2:30 o'clock p.m., on May 25, 2001,** those employment and payroll records necessary to permit the Plaintiffs to complete an audit disclosing the amount, if any, of unpaid benefit contribution payments that are owing to the Plaintiffs under the terms of the Collective Bargaining Agreement.

3. That, on **June 7, 2001, at 3:30 o'clock p.m., in Courtroom No. 3, in the United States Courthouse in the City of Duluth,** this Court shall conduct an Evidentiary Hearing to determine what amount, if any, is owing in compensatory, and other monetary

[vqcasscr]

CASE SELECTION SCREEN

NAME: Wizner Company TYPE: pty

| | Case # | Short Title | Role | Alias | Judge | Filed |
|---|---|---|---|---|---|---|
| 1. | 0:00cv02545 | Hotel, Rest+ v. Wizner Comp | dft | | Tunheim | 11/16/00 |
| 2. | 0:99cv00445 | Hotel, Rest+ v. Wizner Comp | dft | | Tunheim | 03/18/99 |
| 3. | 0:98cv00519 | Hotel, Rest+ v. Wizner Comp | dft | | Tunheim | 01/27/98 |

^ For More Information type appropriate number and hit RETURN
[N]ext, [P]revious, [S]top, [Q]uit:
total: 3

relief, to the Plaintiffs, and to consider evidence on the propriety of an award of injunctive relief.

AND, it is --

RECOMMENDED:

That the Plaintiffs' Motion for Default Judgment [Docket No. 5] be granted, but with the amount of the Judgment to be determined following the conduct of an Evidentiary Hearing, as well as the propriety of injunctive relief.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 4, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture

of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 4, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.