UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Hotel, Restaurant and Bar Employees Health and Welfare Fund and Hotel, Restaurant and Bar Employees Pension Fund,

Plaintiffs,

vs.

Wizner Company, d/b/a Norman's Bar,

Defendant.

ORDER
and
FINDINGS AND RECOMMENDATION

Civ. No. 00-2545 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 8th day of June, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiffs' Motion for the Entry of a Default Judgment. The amount of the Judgment could not be determined because the Defendant had failed to submit documentation to the Plaintiffs by which its contributions to the Plaintiffs could be determined. In order to rectify that deficiency, by Order dated May 17, 2001, this Court directed the Defendant to "submit to the Plaintiffs, **by no later than 2:30 o'clock p.m., on May 25, 2001,** those employment and

FILED JUN 08 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

15 16

payroll records necessary to permit the Plaintiffs to complete an audit disclosing the amount, if any, of unpaid benefit contribution payments that are owing to the Plaintiffs under the terms of the Collective Bargaining Agreement." [Emphasis in original]. In addition, we scheduled an Evidentiary Hearing, to be conducted on June 7, 2001, at 3:30 o'clock p.m., in the United States Courthouse in Duluth, Minnesota, in order "to determine what amount, if any, is owing in compensatory, and other monetary relief, to the Plaintiffs, and to consider evidence on the propriety of an award of injunctive relief."

As scheduled, an Evidentiary Hearing was conducted on June 7, 2001, at which the Plaintiffs appeared by Aaron R. Bransky, Esq., and no appearance was made by, or on behalf of, the Defendant. At that Hearing, the evidence demonstrated that, in direct violation of this Court's Order, the Defendant failed to produce the documents it was directed to produce.

Given the uncontroverted evidence, that the Plaintiffs, and its member participants, are suffering irreparable harm by the Defendant's continued failure to make appropriate contributions to the Plaintiffs, we recommend that the Defendant be enjoined from selling, in any way, shape or form, alcoholic beverages, and food, until such time as the Defendant pays all outstanding contributions to the Plaintiffs, in an amount to be determined by this Court,

together with the Plaintiffs' costs and attorneys' fees, and that, during the period of the injunction, the Defendant be directed to pay its employees their respective average weekly wages, and to make all requisite payroll contributions for each such employee.

In addition, we direct the Defendant, in the person of its corporate President, Gary Wizner, to appear before this Court, **on June 14, 2001, at 1:30 o'clock p.m, in Courtroom No. 3, in the United States Courthouse in Duluth, Minnesota,** to Show Cause why the Defendant should not be certified to the District Court as being in Contempt of Court.

## II. Findings of Fact

1. As found in our Order of May 17, 2001, the Defendant has a legal obligation to make benefit contribution payments to the Plaintiffs, and has failed, and refused, to make those payments for an extended period of time.

2. Shirley Hansen ("Hansen"), who is the Administrative Manager of the Plaintiff Funds, testified that the Defendant's employees are unable to draw any Health and Welfare benefits from the Plaintiffs while the Defendant is in default, and they also suffer pension benefit losses which are not recouped when the Defendant makes its back contribution payments to the Plaintiff Funds. Further, Hansen testified that the Plaintiffs, and all of it employee members, face irreparable harm because the Plaintiff

Funds are modest, and the capacity to make benefit payments to the employee members, as agreed upon by the respective employers, including the Defendant, is singularly dependent upon employer contributions. In addition, because the administrative fees for the Plaintiffs are derived from the payroll contributions of the employers, the amounts available for employee benefit payments are irretrievably lost when the Plaintiffs are caused to seek enforcement, in the Courts, of an employer's obligation to make contributions -- such as the case here.

2. The testimony of Hansen is unrebutted and, based upon the entire Record before this Court, inclusive of the testimony of Hansen, who the Court finds to be wholly credible, the Plaintiffs have been, and continue to be, irreparably harmed by the Defendant's acts, and failure to act, which warrants the exercise of the Court's equitable powers.

3. In fashioning equitable relief, the Court considers the least intrusive means of securing the Defendant's compliance with lawful contract obligations, and with Orders of this Court. On two prior occasions, this Court has been called upon to enforce the Defendant's obligations to the Plaintiffs, and has entered Judgments to that effect. For the third time in as many years, the Defendant's unlawful refusal to honor its contractual commitments has drawn the Court into the fray -- needlessly. There is no

showing that the Defendant is suffering financial difficulties, or any other circumstance that would explain, let alone justify, the irreparable harm that it has inflicted, and continues to inflict upon the Plaintiffs. Indeed, the Plaintiffs represent to the Court that the Defendant has recently renewed the agreements which require its payment of payroll contributions to the Plaintiffs.

4. In fashioning relief, the Court is acutely aware that the Defendant conducts its commercial activities, as a bar and grill, under license from the City of Duluth. The Defendant abuses that license when it fails to honor its contractual obligations, and its responsibilities in complying with direct Orders of a Court of lawful jurisdiction. Prior Orders and directives of this Court having been ignored, we find, and conclude, that the least intrusive means of assuring the Defendant's continued compliance with its contractual obligations here at issue, and with the Orders of the Court, is to condition its commercial livelihood on the Defendant's conduct. Since we here take action to remedy the irreparable harm being suffered by the Plaintiffs, and derivatively, by the Defendant's employees, we believe that those interests would be ill-served if the employees, and the Plaintiffs, should lose wages or payroll contributions, during the period of any injunction. Notably, the period of any injunction will be within the sole control of the Defendant, as its efforts to comply with its contractual

obligations, and with the Orders of this Court, shall allow this Court to determine the amount of any past deficiencies, which will govern the extent of the Court's injunction.

## III. Conclusions of Law

1. The Court has jurisdiction over this action under Sections 502 and 515 of ERISA, Title 29 U.S.C. §§1132 and 1145, under Section 301 of the Labor Management Relations Act, Title 29 U.S.C. §185(a), and under Title 28 U.S.C. §1331.

2. The Court has personal jurisdiction over all of the parties to this action, and venue within this Division of the District of Minnesota is proper. Title 29 U.S.C. §1132(e)(2); Title 28 U.S.C. §103(5).

3. Upon the Record as a whole, the Court concludes that an injunction should issue to compel the Defendant's compliance with its contractual obligations to the Plaintiffs, and with the Orders of this Court. Past attempts by this Court to compel compliance have been unlawfully ignored, and that violation of a Court Order will not go unnoticed. The Court concludes that the least intrusive means of compelling compliance is to enjoin the Defendant's business until compliance is obtained, while requiring the Defendant to continue the employee wages, and benefit contribution payments, during the period of the injunction so as not to further

injure the Plaintiffs, and the Plaintiffs' members, inclusive of the Defendant's employees.

4. In order to afford the Defendant, through its President, Gary Wizner, an opportunity to explain the Defendant's disobedience of our Order of May 17, 2001, we direct that Gary Wizner appear before this Court, **on June 14, 2001, at 1:30 o'clock p.m, in Courtroom No. 3, in the United States Courthouse in Duluth, Minnesota,** to Show Cause why the Defendant should not be certified to the District Court as being in Contempt of Court.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant, through its President, Gary Wizner, is commanded to appear before this Court, **on June 14, 2001, at 1:30 o'clock p.m, in Courtroom No. 3, in the United States Courthouse in Duluth, Minnesota,** to Show Cause why the Defendant should not be certified to the District Court as being in Contempt of Court.

AND, It is --

RECOMMENDED:

That the District Court enjoin the Defendant from commercial sale or distribution, in any way, shape, or form, of alcoholic beverages and foods, until the Defendant rectifies all past due contributions to the Plaintiffs, in an amount to be determined by this Court; and that, during the period of the injunction, the

Defendant be directed to continue the wages and payroll contribution payments for each of its employees, with the wages being computed on the respective employee's average weekly amount, and the payroll contribution payments being derivatively computed on those average weekly amounts.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 25, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no**

that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.